# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1455 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Gregory Brown (#33054068) v. Ms. Graham, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed. Failure of Plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in federal custody at the Metropolitan Correctional Center (hereinafter, "MCC"), has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff is suing four officers at the MCC, alleging that he is being subjected to mental torture. Plaintiff has failed to pay the $350 statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the Court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will be authorized and ordered to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from September 1, 2011, through March 1, 2012].

Plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The Clerk will furnish Plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of Plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Additionally, Plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint on file does not state a cause of action under § 1983. Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)., *quoting Swierkiewicz*, 534 U.S. *v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556. The Court finds that the plaintiff has failed to state a claim because he has included no facts to notify Defendants of what they are alleged to have done that violated his rights. As a result, Plaintiff has pled nothing "plausible." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief).

     For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

     In sum, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. Plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.